IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>1411 K St. NW, Suite 1300<br>Washington, D.C. 20005,<br><br>         *Plaintiff*,<br><br>         v.<br><br>U.S. OFFICE OF PERSONNEL<br>MANAGEMENT,<br>1900 E Street, NW<br>Washington, DC 20415<br><br>         *Defendant.* | **COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>Case No: _____ |

## INTRODUCTION

1. The Center for Biological Diversity ("Center") brings this action to compel the United States Office of Personnel Management ("OPM") to disclose records under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA").

2. The records requested relate to the current administration's ongoing project of fundamentally remaking and shrinking the federal government's workforce without the transparency required by law. The documents in question, Agency Reduction in Force and Reorganization Plans ("ARRPs"), would propose the roadmap that agencies may follow as they lay off or reorganize large portions of their workforce.

3. These records are subject to FOIA and are extremely time sensitive given that the personnel implicated provide vital government services that may be compromised if the impact of these changes is not adequately considered and understood by Congress, the rest of

government, and the general public. In particular, the personnel likely to be targeted for elimination in these ARRPs provide substantial protections for air and water, wildlife and nature, climate, public lands, and the environment vital to vulnerable populations, to the mission of the Center, and to all Americans.

4. The Center and its members are deeply interested in, and affected by, how these changes, reviewed and coordinated by the defendant agency, could harm, undermine, or negate the Center's longstanding efforts to protect the environment and the livability of our planet.

5. Prompt access to these records is necessary to realize FOIA's purpose of transparency in government operations. FOIA establishes clear deadlines and requirements for FOIA responses. Defendant is in violation of these statutory duties.

6. Accordingly, the Center seeks (1) declaratory relief establishing that OPM has violated FOIA; and (2) injunctive relief ordering OPM to make an immediate determination on the Center's FOIA requests and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, by a date certain.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA. Venue vests in this Court under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because the responsive records may be found in this district.

8. This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706; authority to grant the requested injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202; and otherwise provide relief using the court's equitable powers.

**PARTIES**

9. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("Center") is a nonprofit organization with offices and staff throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities. The Center has more than 93,000 active members throughout the United States and the world.

10. The Center is the requester of the information and records at issue. The organization and its members are harmed by OPM's failure to disclose the requested information and records that are responsive to the Center's FOIA requests. These violations of law injure the Center by precluding the Center from understanding important information about the government's planning, timing, and implementation for the elimination of staff and physical facilities that support and enable protections for air and water, wildlife and nature, public lands, the climate, and vulnerable communities.

11. This information and the Center's subsequent analyses of it will help to inform and prioritize the Center's organizational mission, including helping the Center make critical choices about where to direct resources and develop alternate strategies. The Center will also share the requested information with its members and the public in general to keep them informed about coming threats to clean air and water, wildlife and nature protections, public lands, climate, and vulnerable communities and potential avenues for response. The requested records and information will also be used to inform Congressional representatives and their staffs about threats to the environment.

12. This injury will be redressed if the Court orders OPM to disclose the requested records.

13. Defendant OFFICE OF PERSONNEL MANAGEMENT (OPM) is a federal agency responsible for managing the federal civil service. OPM plays a key role in the development and implementation of federal workforce policies and benefits. OPM is a federal governmental agency within the meaning of FOIA and is in possession and control of records responsive to the Center's FOIA requests. As such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA requests.

## STATUTORY BACKGROUND

14. FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access all federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply. *Id*. § 552(b).

15. Recognizing that the timely disclosure of requested records is essential to fulfilling its purpose, FOIA imposes strict and rigorous deadlines for agencies to respond to FOIA requests for specific information. Within 20 business days of receiving a request, an agency must (1) determine if it will release the requested records and (2) notify the requester of (a) its determination and reasons for it, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

16. FOIA provides only limited circumstances under which a federal agency may take longer than 20 business days to make a determination. First, the agency may toll the 20 business day deadline for up to ten additional business days while the agency is waiting for information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the 20 business day deadline for up to ten additional business days if it

needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II).

17. Additionally, if the agency faces "unusual circumstances," the agency may extend the 20 business day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension, however, should exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and provides the requester with "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

18. Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

20. Agencies must make a reasonable effort to maintain and search for records so all responsive records can be identified and reproduced. 5 U.S.C. § 552(a)(3)(B)–(D).

21. In certain limited instances, an agency may withhold responsive records pursuant to nine specific statutory exemptions. 5 U.S.C. § 552(b). These exemptions must be narrowly construed given FOIA's primary objective of transparency and disclosure of information, not secrecy. An agency bears the burden of proof if it claims any exemption applies to withhold responsive documents. *Id*. §552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies to disclose reasonably segregable portions of those records. *Id*. § 552(b).

22. FOIA grants this Court jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

23. On March 13, 2025, and again on April 1, 2025, the Center submitted two identical FOIA requests to OPM requesting records related to the ARRPs submitted to OPM by various agencies. OPM has not provided the Center with an acknowledgement of either request or a determination on either request. OPM has not released records in response to either request. The communications regarding each request, as well as contextual information about the records that are the subject of the requests, are summarized below.

24. On February 11, 2025, President Trump signed Executive Order 14210 *Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative*, directing "Agency Heads . . . [to] promptly undertake preparations to initiate large-scale reductions in force (RIFs)."

25. On February 26, 2025, OPM issued a guidance memorandum "on these Agency RIF and Reorganization Plans (ARRPs), along with the instruction that such plans be submitted to OMB and OPM."

26. On March 13, 2025, the Center submitted through PAL, OPM's online portal, a FOIA request to OPM for records from February 26, 2025 to the date that OPM conducts the relevant search, seeking:

> the Agency RIF and Reorganization Plans submitted pursuant to the February 26, 2025 OPM memorandum titled "Guidance on Agency RIF and Reorganization Plans Requested by *Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative.*"

27. To date, OPM has not acknowledged receipt of this request and has not assigned the request a tracking number.

28. On April 1, 2025, the Center resubmitted an identical FOIA request to OPM, this time using the portal located at FOIA.GOV.

29. To date, OPM has not acknowledged receipt of the Center's second attempt at submission and has not assigned the request a tracking number. The Center recorded the submission ID number 2052826 that was automatically generated by FOIA.GOV upon this second submission.

30. On April 2, 2025, the Center sent the FOIA Public Liaison at OPM a letter, noting that this request and others had "gone without acknowledgement" and alerting OPM that "the OPM PAL site is not functioning as any request submitted results in an error message and does not record the submission. Furthermore, the site remains up and running without any notice of its ongoing issues." The Center expressed concern "that FOIAs are not being processed through OPM's listed means of submission."

31. To date, OPM has not replied to this letter.

32.  Pursuant to FOIA, OPM was required to make a determination on the Center's initial FOIA request of March 13 by April 11, 2025. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

33.  Pursuant to FOIA, OPM was required to make a determination on the Center's FOIA request of April 1 by April 29, 2025. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

34.  More than 21 business days have passed without an acknowledgement of either request, a determination on the requests or the release of any records from OPM, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

35.  OPM has not requested additional information from the Center about its FOIA requests, *see* 5 U.S.C. § 522(a)(6)(A), 5 C.F.R. § 1303.40(a), nor has it notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination, *id.* § 522(a)(6)(B); 5 C.F.R. § 1303.40(c).

36.  OPM's failure to communicate constructively with the Center or to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**OPM has Failed to Comply with FOIA's Mandatory Determination Deadline**

37.  The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38.  The Center properly requested records within the control of OPM through its identical requests on March 13 and April 1.

39. The Center has a statutory right to a lawful final determination from OPM on the Center's March 13 and April 1 requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

40. In order to make a lawful "determination," OPM must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

41. The deadline for OPM to provide a determination on the Center's requests has lapsed because more than 20 working days have passed since OPM received either of the Center's requests and OPM has not claimed the extension of 10 working days for either request.

42. OPM's failure to provide a lawful determination on the Center's requests by FOIA's mandatory deadline violates the Center's right to a determination.

43. OPM has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold a determination in response to the Center's request.

44. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

45. The Center's organizational activities will be adversely affected if OPM is allowed to continue violating FOIA's requirement to provide a determination.

46. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to OPM in the foreseeable future.

47. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OPM will continue to violate the Center's right to receive a determination in response to the Center's requests for records under FOIA.

## SECOND CLAIM FOR RELIEF

### OPM has Failed to Conduct an Adequate Search for Responsive Records

48. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

49. The Center has a statutory right to have OPM process the Center's March 13, 2025 and April 1, 2025 FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

50. OPM violated the Center's rights in this regard because OPM has unlawfully failed to conduct adequate searches reasonably calculated to locate all records responsive to the Center's FOIA requests. *Id.*

51. OPM has no lawful basis under FOIA for its failure to conduct adequate searches for records responsive to the Center's March 13, 2025 and April 1, 2025 records requests.

52. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OPM will continue to violate the Center's rights under FOIA to an adequate search for records responsive to the Center's March 13, 2025 and April 1, 2025 records requests.

## THIRD CLAIM FOR RELIEF

### OPM has Failed to Promptly Disclose all Responsive Records

53. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

54. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

55. OPM has violated the Center's rights in this regard by withholding records that are responsive to the Center's March 13, 2025 and April 1, 2025 FOIA requests.

56. OPM has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

57. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OPM will continue to violate the Center's right to promptly receive all records responsive to its FOIA requests.

## **PRAYER FOR RELIEF**

WHEREFORE, the Center respectfully requests that this Court:

(A) Declare that the Defendant violated FOIA by failing to provide a lawful determination within 20 workings days on the Center's March 13, 2025 FOIA request and the Center's April 1, 2025 FOIA request, submission ID number 2052826, failing to conduct an adequate search for records responsive to the requests, and failing to promptly disclose all records responsive to the requests;

(B) Order the Defendant to immediately make a determination on the Center's March 13, 2025 FOIA request and the Center's April 1, 2025 FOIA request, submission ID number 2052826;

(C) Order the Defendant to search for any and all responsive records to the Center's March 13, 2025 FOIA request and the Center's April 1, 2025 FOIA request, submission ID number 2052826, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(D) Order the Defendant to promptly produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any

responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(E) Enjoin the Defendants from continuing to withhold any nonexempt responsive records or segregable portions of the records;

(F) Retain jurisdiction of this action to ensure the processing of the Center's FOIA request and that no agency records or portions of the records are improperly withheld;

(G) Award the Center its attorneys' costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(H) Grant such other and further relief as the Court may deem just and proper.

DATED: May 21, 2025

Respectfully submitted,

/s/ *Howard Crystal*
Howard Crystal
(D.C. Bar No. 446189)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
Tel: (202) 849-8401 ext. 102
Email: hcrystal@biologicaldiversity.org

/s/ *Ivan Ditmars*
Ivan Ditmars (CA Bar No. 359879)
Center for Biological Diversity
2100 Webster St., Suite 375
Oakland, CA 94612
Tel: (510) 844-7158
Email: iditmars@biologicaldiversity.org
(*Pro Hac Vice* application pending)

*Attorneys for Plaintiff*